UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JUDY EDWARDS GREENE,                      :
                                          :
                    Plaintiff,            :
                                          :     OPINION AND ORDER
          - against -                     :
                                          :     07 Civ. 1928 (DLC) (RLE)
SHERRI DONOVAN,                           :
                                          :
                    Defendant.            :
---------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

*Pro se* plaintiff, Judy Edwards Greene ("Greene"), filed a complaint against her former employer, Sherri Donovan ("Donovan"), on March 5, 2007, asserting various causes of action arising out of Donovan's alleged breach of an oral contract to co-author a self-help book on divorce.  In response, Donovan filed an Answer and Counterclaim.  Pending before the Court are Greene's motion for sanctions against Donovan and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, and Greene's motion for a more definite statement on Donovan's counterclaims pursuant to Rule 12.  For the following reasons, Greene's motion for sanctions (Doc. #11) is **DENIED**.  Additionally, as set forth below, Greene's motion for a more definite statement (Doc. #10) is also **DENIED**.

## II.  FACTUAL BACKGROUND

The facts relevant to the pending motions are as follows.  Greene is a former paralegal of Donovan, a matrimonial attorney.  Greene's complaint is a copyright claim, alleging that she and Donovan co-authored the book that Donovan published as a sole author, denying Greene any authorship rights.  Transcript of Conference before Judge Cote on March 12, 2007, at 2.  On

April 6, 2007, Donovan answered the complaint and asserted five counterclaims. *See* Affidavit, Judy Edwards Greene, April 27, 2007, ("Greene Sanctions Aff.") Exh. A.  Donovan's Answer and Counterclaim was signed by defense counsel, not Donovan.  Greene Sanctions Aff. at 1.  According to Greene, defense counsel and Donovan have acted unreasonably, unethically, and in bad faith.  **Id**. at 5.

With regard to the alleged misconduct, Greene claims that defense counsel accused her of harassing Donovan.  **Id**. at 2.  Greene also alleges that following the initial conference date, defense counsel and Donovan came to Greene's workplace "with the intent to intimidate and interrogate the secretary and attorney, former employees of Ms. Donovan, who both [knew] of the circumstances of the book."  **Id**.  Greene claims that the Court "admonished" opposing counsel for this behavior, but that it did not deter them from committing other misconduct.  **Id**.  According to Greene, the most egregious of the misconduct is paragraph 11 of Donovan's Answer and Counterclaim, which states "Greene's harassment of, and interference with Donovan's relationships with Donovan's present and former employees and present colleagues have included explicit verbal and written threats as well as physical confrontation and intimidation, already leading to at least one report being filed against Greene."  Greene Sanctions Aff., Exh. A at 5.

Greene maintains that this allegation is a "vicious and reprehensible lie," and that defense counsel has no personal knowledge of these events and did not make this statement "upon information and belief."  Greene Sanctions Aff. at 1-2.  Because Greene claims she was in "mortal fear of the possibility that there was a fraudulent report filed against [her]," she contacted opposing counsel via email to produce this report.  **Id**. at 2-3.  Greene contacted him again after

2

no response for three days and told him she would report his unethical behavior to the bar association.  **Id**. at 3.  Defense counsel responded via email, and wrote  "I am not intimidated by your continuing threats and again ask that you refrain from such behavior[.] I am informed and believe that an accurate police report was filed by an employee of [Donovan] about  a confrontation with you stemming from your case with [her.] I have no copy and have not seen a copy."  Greene Sanctions Aff., Exh. C.  Greene then contacted the referenced employee, Jane Chua ("Chua") via email to ask if Chua filed a report against her.  Greene Sanctions Aff. at 3.  Defense counsel responded to the email and said that he was now representing Chua in Greene's case against Donovan.  **Id**., Exh. E.  Greene subsequently learned that no police report had been filed against her in the City of New York.  Greene Sanctions Aff. at 4.

    Defense counsel states that on April 3, 2007, Donovan notified him that Chua was confronted, threatened, and intimidated by Green at Donovan's office building that evening.  Declaration of Thomas A. Canova ("Canova Aff.") at 2.  According to her affidavit, Elenor Radzivilover ("Radzivilover"), affirmed that as she was leaving Donovan's office with Chua, and she saw Greene "physically towering over [Chua], and heatedly berating [her] while jabbing her finger close to [her] face."  Elenor Radzivilover Affidavit ("Radzivilover Aff.") at 3.  Radzivilover states that Jane said that Greene threatened her and told her "I'm going to take you down with [Donovan]."  **Id**.  Radzilover states that she and Chua reported the incident to Donovan that night.  **Id**.  Donovan affirms that the three woman discussed the incident and decided Chua should talk to the police.  Declaration of Sherri Donovan ("Donovan Aff.") at 2-3.  According to Radzilover, she and Chua reported the incident to the police.  Radzilover Aff. at 4.  Donovan states that she told defense counsel that Radzilover and Chua went to the police and

filed an incident report against Greene.  Donovan Aff. at 3.

### III.  RULE 11 MOTION

#### A.  Applicability of Rule 11

Rule 11 establishes "a means by which litigants certify to the court, by signature, that any papers filed are well-founded." **Bus. Guides, Inc. v. Chromatic Communications Enters., Inc**., 498 U.S. 533, 542 (1991). Sanctions shall be imposed against an attorney, his client, or both when it appears that a pleading has been interposed for improper purpose, such as to harass or cause unnecessary delay,  or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.  **Eastway Constr. Corp. v. New York**, 762 F.2d 243, 254 (2d Cir. 1985).  Rule 11 requires that factual allegations have evidentiary support or "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3).   The Court may exercise its discretion in deciding whether or not to sanction a party, however, sanctions are a drastic remedy.  **G-I Holdings, Inc. v. Baron & Budd**, 2002 WL 1934004, at *12 (S.D.N.Y. Aug. 21, 2002).   In determining whether or not the allegations in Donovan's Answer and Counterclaims are reasonable, an objective standard is applied.  *See* **United States v. Int'l Bhd. of Teamsters**, 948 F.2d 1338, 1344 (2d Cir. 1991); *see also* **Oliveri v. Thompson**, 803 F.2d 1265, 1275 (2d Cir. 1986), ***cert. denied***, 480 U.S. 918 (1987).

Rule 11 provides that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or

appropriately corrected." FED. R. CIV. P. 11(c)(1)(A).  The instant motion, however, was presented directly to the Court and neither Donovan, nor her counsel, had an opportunity to correct the challenged documents. Greene has therefore failed to comply with the procedural requirements of the rule. **See** **Hadges v. Yonkers Racing Corp**., 48 F.3d 1320, 1328 (2d Cir. 1995), and the motion is **DENIED**.

**B.  Merits of Rule 11 Allegations**

Even if the Court overlooked Greene's failure to comply with the "safe harbor" provision based on her status as a *pro se* litigant, her allegations do not support the imposition of sanctions in this case.  Greene argues that defense counsel failed to make a reasonable inquiry into the existence of the alleged police report before filing the answer and counterclaims.  Greene Mem. at 5.  She further contends that defense counsel, by representing Chua, actively participated in concealing information regarding the report from her.  Greene argues that because the statement is false, the pleading was intended only to harass her and mislead the Court.  **Id**. at 6.

The Court does not find a basis for imposing sanctions against Donovan or defense counsel.  While it is true that defense counsel should have made it clear that he made the statement about the police report "upon information and belief," there was an objectively reasonable basis for defense counsel to rely on his clients statements.  The affidavits submitted in opposition to sanctions make clear that while a police report was not ultimately filed in the precinct, Chua did inform the police of the incident with Greene. Radzilover Aff. at 4.  Donovan learned of this and admits that she told her attorney that Chua and Radzilover went to the local police station and "filed an incident report against Greene."  Donovan Aff. at 3.  Defense counsel was reasonable in relying on this statement under the circumstances.  Therefore, unless Greene

has additional facts, the motion would be denied on the merits.

### IV.  RULE 12 MOTION

#### A.  Rule 12(e) Standard

Under Rule 12, a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  FED. R. CIV. P. 12(e).  "However, a motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the [responding party] seriously in attempting to answer it."  **Leepson v. Allan Riley Co., Inc.**, 2006 WL 2135806, *6 (S.D.N.Y. July 31, 2006) (internal quotations omitted).  "The Rule 'is designed to remedy unintelligible pleadings, not to correct for lack of detail.'"  **In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation**, 2005 WL 1500893, *2 (S.D.N.Y. Jun. 24, 2005)  (*quoting* **Dunlop-McCullen v. Local 1-S RWDSU-AFL-CIO**, 1994 WL 478495, at *1 (S.D.N.Y. Sept. 1, 1994).  Instead of engaging in unnecessary motion practice, "[t]he preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings."  **In re MTBE**,  2005 WL 1500893 at *2 (*quoting* **Tagare v. NYNEX Network Sys. Co.**, 921 F. Supp. 1146, 1153 (S.D.N.Y.1996).

#### B.  Application

Greene claims that the counterclaims asserted against her are so vague and ambiguous preventing her from framing a reasonable response.  Affidavit, Judy Edwards Greene, April 26, 2007, ("Greene Aff.") at 1.  She further claims that she does "not know the nature of the pleading with any degree of sufficiency the specific charges or denials leveled against [her]."  **Id**.  Greene

cites seven factual allegations in Donovan's Answer and Counterclaims which she claims she is unable to form a response. *See* **id**. at 1-3.  For example, in paragraph six of her Answer and Counterclaims, Donovan states that "[m]any years ago," Donovan started a website that featured stories of various divorce scenarios. *See* Greene Aff., Exh. A at 1.  Greene asserts that Donovan must state a specific time frame in order for Greene to answer the factual allegation.  Similarly, Donovan asserts that Greene has contacted Donovan's present and former employees by phone, email, and personal visits.  **Id**. at 5.  Greene maintains that she cannot respond to this allegation because Donovan failed to specifically identify who she contacted. Greene Aff. at 2.  Donovan maintains that this motion is misplaced, and that Greene can simply indicate that she is without sufficient information to form a belief as to the accuracy or truthfulness of the allegation. Memorandum of Law in Opposition to Plaintiff's & Counterclaim-Defendant's Rule 11 Motion for Sanctions and Rule 12(e) Motion for More Definite Statement ("Def. Mem.") at 8.   The Court agrees.

      The factual allegations identified by Greene can be explored during discovery.  They are not so vague and ambiguous such that Greene cannot respond.  A motion under Rule 12(e) is designed to correct unintelligible pleadings, not simply broad statements.  *See* **In re MTBE**, 2005 WL 1500893 at *2.  While the counterclaims may lack certain details, they are not so unintelligible as to prevent Greene from answering. *See* **Leepson**, 2006 WL 2135806, *6.  Greene may of course indicate that she is without a sufficient basis to form a response to any particular allegation.

## IV. CONCLUSION

For the foregoing reasons, Greene's motion for sanctions pursuant to Rule 11 is **DENIED**. Additionally, Greene's motion for a more definite statement under Rule 12 is **DENIED**. Greene is directed to file a response to Donovan's counterclaims in accordance with Judge Cote's Order dated May 8, 2007.

**SO ORDERED this 5th day of July 2007**
**New York, New York**

*Ronald Ellis*
The Honorable Ronald L. Ellis
United States Magistrate Judge